**Miguel Miranda HERNANDEZ,**
**Petitioner,**

v.

**Alberto R. GONZALES,\* Attorney**
**General, Respondent.**

No. 04–70215.

United States Court of Appeals,
Ninth Circuit.

Submitted July 11, 2005.\*\*

Decided July 13, 2005.

\* Alberto R. Gonzales is substituted for his predecessor, John Ashcroft, as Attorney General of the United States, pursuant to Fed. R.App. P. 43(c)(2).

\*\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Nadeem H. Makada, Burlingame, CA, for Petitioner.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, Thankful T. Vanderstar, DOJ—U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: SCHROEDER, Chief Judge, RAWLINSON and BYBEE, Circuit Judges.

### MEMORANDUM ***

Miguel Miranda Hernandez, a native and citizen of Mexico, petitions for review of the Board of Immigration Appeals' ("BIA") decision dismissing his appeal from an immigration judge's ("IJ") order denying his application for cancellation of removal. We dismiss the petition for review.

■ We lack jurisdiction to review the agency's denial of Hernandez's cancellation of removal application because relief was denied in part due to Hernandez's failure to establish the necessary exceptional and extremely unusual hardship. *See* 8 U.S.C. § 1252(a)(2)(B); *Romero–Torres v. Ashcroft*, 327 F.3d 887, 892 (9th Cir.2003). Because his failure to demonstrate the requisite hardship is dispositive, we do not reach whether Hernandez established ten years of continuous physical presence. *See* 8 U.S.C. § 1229b(b)(1); *Romero–Torres*, 327 F.3d at 889.

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

■ Furthermore, we lack jurisdiction to consider Hernandez's contention that the IJ violated his due process rights by not allowing Dr. Fries to testify because he failed to exhaust this argument before the BIA. *See Barron v. Ashcroft*, 358 F.3d 674, 678 (9th Cir.2004) (explaining that exhaustion is mandatory and jurisdictional when due process challenge is procedural in nature).

The voluntary departure period was stayed, and that stay will expire upon issuance of the mandate. *See Desta v. Ashcroft*, 365 F.3d 741, 750 (9th Cir.2004).

**PETITION FOR REVIEW DISMISSED.**